THE STATE, EX REL. PROSECUTING ATTORNEY, *v.* HALL ET AL.

*Schools — Transfer of territory — Section 4692, General Code — Parol evidence of notice — Duty to distribute funds and indebtedness, when — Decentralization within three years — Section 4727, General Code — Annexation of territory to centralized district.*

1. In a proceeding in which the validity of a transfer of one school district to another is questioned, parol evidence is admissible to show that proper notices had been posted as provided for in Section 4692, General Code.

2. The transfer of a school district under the provisions of Section 4692, General Code, is not invalidated because of the failure to make a contemporaneous distribution of the funds and indebtedness of the transferred district.

3. The transfer of a village school district to a township centralized school district within three years after the centralization of the township district has no decentralizing effect on the schools and is not a violation of Section 4727, General Code, prohibiting centralization to be discontinued within three years.

(Decided December 10, 1920.)

IN QUO WARRANTO: Court of Appeals for Clinton county.

*Messrs. Smith, Rogers & Smith* and *Mr. H. S. Pulse,* for plaintiff.

*Mr. E. J. West* and *Mr. G. P. Thorpe,* for defendants.

BY THE COURT. This is an original action in *quo warranto* brought on the relation of the prosecuting attorney of Clinton county against the defendants, Harry Hall, Ephriam Miller and Allen Rankin, challenging their right to hold office as members of the board of education of Jefferson township, Clinton county, Ohio, and praying for a judgment of ouster against them.

The question turns on the legality of the Jefferson township rural school district as constituted at the time of their election and as it exists at the present time. It appears that in June, 1915, the schools of Jefferson township were centralized. At this time the Midland village school district in said township was in existence. In October, 1916, a petition signed by qualified electors of Midland village school district, to transfer that school district to Jefferson township school district, was filed with the county board of education. The county board thereupon passed a resolution transferring the Midland village school district to the Jefferson township centralized rural school district. A part of that resolution is as follows:

"In view of the fact that on this date a petition has been presented to the County Board signed by a majority of the qualified electors of Midland Village School District asking to have Midland Village School District transferred to the Jefferson Twp. School District, and the County Board of Education

has previously investigated the advisability of making such a transfer and having found the tax duplicate of Jefferson Township to be $922,120.00 with an enumeration of 199 pupils and the tax duplicate of the Midland Village District to be $388,700.00 with an enumeration of 134 pupils, and neither district alone to have sufficient duplicate or pupils to maintain a first grade high school, but by uniting the two districts this condition will be made possible, and furthermore the county board feels it to be its duty to do the best for the pupils of these districts, therefore,

" 'Be it resolved * * * that the Midland Village School District, Clinton County, Ohio, be and the same is transferred to the Jefferson Twp. School District, Clinton County, Ohio as per petition presented this day, and that an equitable division of indebtedness now outstanding be made by the local boards and the County Board of Education.

" 'Be it further resolved that the County Superintendent take all steps proper for the completion of said transfer according to law.' "

It appears that all of the necessary steps to complete the transfer were taken as provided in Section 4692, General Code, with the exception of the three raised in the questions herein discussed.

It is contended by counsel for plaintiff that, by reason of the filing of the petition by the electors of Midland special school district, the action of the county board of education must have been taken under Section 4696, General Code. The county board under the provisions of Section 4692 is authorized to make a transfer of territory from one

district to another, if, in its opinion, it is conducive to the best interests of the schools of the territory consolidated. The fact of the filing of a petition by the electors of certain territory may have an influence on the action of the board, but it does not necessarily follow that the filing of the petition limits their action to procedure under Section 4696. And when we consider the reasons given in the resolution for the transfer, and that all the steps necessary under Section 4692 are claimed to have been taken, it is apparent that the county board in making the transfer brought itself within the provisions of Section 4692, under which section the questions will therefore be considered.

The first question made is that there is nothing in the record to show that proper notice had been posted, and objection was made to the introduction of oral testimony to show the proper posting of the notices. The record states that the superintendent was instructed to post the notices and take such steps as are required by the statute. The statute makes no provision as to how proof may be made of this posting. Oral evidence was introduced that the posting was made in accordance with the statute, and this evidence is not refuted. The statute does not provide that a full record shall be kept of all the proceedings in making such transfer. Oral evidence was admissible to show the fact of the posting, in the absence of any statutory regulation. We think this position to be supported by the case of *Edwards* v. *Matthews,* 100 Ohio St., 487, decided by the supreme court of Ohio, December 23, 1919, wherein the court discusses the force and effect and

sufficiency of the records kept by a county board of education.

The further question is raised that an equitable division of the school funds and indebtedness of the transferred territory is a prerequisite to the transfer of that territory. Section 4692 provides that the county board of education is authorized to make an equitable division of the school funds of the transferred territory, either in the treasury or in the course of collection, and also an equitable division of the indebtedness of the transferred territory. This language does not lead to the conclusion that this division of funds and indebtedness is a condition precedent to the transfer of the territory.

The provisions of Section 4692, which we find to be the operating statute in this case, are as follows:

"Such transfer shall not take effect until a map is filed with the auditor of the county in which the transferred territory is situated, showing the boundaries of the territory transferred, and a notice of such proposed transfer has been posted in three conspicuous places in the district or districts proposed to be transferred, or printed in a paper of general circulation in said county, for ten days; nor shall such transfer take effect if a majority of the qualified electors residing in the territory to be transferred, shall, within thirty days after the filing of such map, file with the county board of education a written remonstrance against such proposed transfer."

The map was filed, the posting of the notice was made, no remonstrance was filed, and the resolution of the transfer was passed, thus completing the transfer. But if it was within the contemplation of

the statute that there should have been a contemporaneous adjustment of the funds and indebtedness, the provisions to that end are not mandatory, but only directory. (*Johann* v. *Board of Education of Milton Township,* 26 C. C., N. S., 209.) The failure, therefore, to make a contemporaneous distribution of the funds and the indebtedness does not invalidate the transfer.

It is further urged that the transfer works a discontinuance of the centralization of the Jefferson township rural school district within three years, thereby violating the provisions of Section 4727, General Code. The case of *State, ex rel. Snapp,* v. *Goul et al., Board of Education of Champaign County,* 97 Ohio St., 259, is cited in support of this proposition. We do not think that case in point. In that case there was a petition filed within three years to transfer territory from the centralized district, which in its effect would result in a discontinuance of the centralization. The centralization of the schools, and the changing of the boundary, which brings into the centralized district additional taxable property, could in no way have a decentralizing effect on the schools. It simply adds additional territory, which in the judgment of the county board of education is for the best interests of the schools. The transfer does no violence to Section 4727 of the Code.

We find on the issues in favor of the defendants and the petition will be dismissed.

*Judgment for defendants, and petition dismissed.*

SHOHL, P. J., HAMILTON and CUSHING, JJ., concur.